# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 2ENTWINE, LLC,<br>Plaintiff<br><br>v.<br><br>JABBER, INC.,<br>Defendant | C.A. No. 05-422 ML |

## FIRST AMENDED COMPLAINT

### Parties

1. Plaintiff, 2Entwine, LLC, is a Delaware limited liability company with a principal place of business at 22 Hazard Avenue, Providence, Rhode Island.

2. Defendant, Jabber, Inc., is a Delaware corporation with a principal place of business at 1899 Wynkoop Street, Suite 600, Denver, Colorado.

### Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### Facts

4. On or about March 22, 2005, the parties entered into that certain Software License Agreement and Professional Services Agreement, the latter of which is attached as an exhibit to the former and incorporated therein by reference (collectively, the "Agreement").

5. Pursuant to the Agreement, Plaintiff agreed to grant certain rights and provide certain professional services to Defendant in exchange for certain payments.

6. Pursuant to the Agreement, Plaintiff granted such rights and provided various professional services.

7. Pursuant to the Agreement, Plaintiff invoiced Defendant on numerous occasions and Defendant made numerous payments to Plaintiff.

8. In August, 2005, Defendant was sent Invoice Nos. 14 and 15 from Plaintiff in the amounts of $43,925 and $36,500, respectively. The said invoices were due to be paid on September 10 and 14, respectively.

9. Defendant refused to pay these invoices.

10. On September 16, Plaintiff sent notice to Defendant that its said failure to pay for the services provided constituted a breach of the Agreement which breach, if not cured in accordance with the terms of the Agreement, would result in termination of the Agreement and all rights granted to Defendant pursuant thereto. Said notice was sent by registered mail in accordance with Section 20 of the Agreement.

11. In addition to the above sums, Defendant is indebted to Plaintiff in the sum of approximately $70,000 for other services rendered, invoiced and unpaid pursuant to the Agreement.

12. Despite demand, Defendant has refused to remit the sums due.

## COUNT ONE
## Breach of Contract

13. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if each were fully set forth herein.

14. The Agreement constitutes a valid and binding contract between the parties.

15. Plaintiff has performed all of its obligations in accordance with the terms of the Agreement.

16. Defendant's refusal to remit the sums due pursuant to the said invoices for the services rendered constitutes a breach of the Agreement.

17. As a result of Defendant's breach, Plaintiff has been damaged and will continue to be damaged in amounts sufficient to confer jurisdiction upon this court.

**COUNT TWO**
***Quantum Meruit***

18. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if each were fully set forth herein.

19. Plaintiff has worked diligently and provided valuable products and services to Defendant.

20. Defendant has received the value of such products and services and has refused to pay for same.

21. Plaintiff is entitled to the *quantum meruit* value of the products and services, and has been damaged and will continue to be damaged in amounts sufficient to confer jurisdiction upon this court.

**COUNT THREE**
**Promissory Estoppel**

22. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if each were fully set forth herein.

23. Defendant sought products and services from Plaintiff pursuant to the Agreement and the parties' various oral and written communications.

24. As a result of the parties ongoing relationship and communications, and in reasonable reliance on Defendant's request and promises to pay, Plaintiff expended considerable

time and resources in creating products and providing services to Defendant, all with the reasonable expectation of being compensated for same.

25. Plaintiff is entitled to be paid for such products and services.

26. As a result of Defendant's refusal to compensate Plaintiff for such products and services, Plaintiff has been damaged and will continue to be damaged in amounts sufficient to confer jurisdiction upon this court.

**COUNT FOUR**
**Unjust Enrichment**

27. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if each were fully set forth herein.

28. Plaintiff provided valuable products and services to Defendant.

29. Defendant has received the benefit of same, and Defendant' receipt of such benefit without Defendant paying for same is unjust.

30. Defendant should be estopped from refusing to pay for such services.

31. As a result Defendant's refusal to compensate Plaintiff, Plaintiff has been damaged and will continue to be damaged in amounts sufficient to confer jurisdiction upon this court.

WHEREFORE, Plaintiff seeks judgment against Defendant in all amounts to be proven at trial, plus interest and costs, plus attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45, and for such other relief as this court deems just and fair.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

2ENTWINE, LLC

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (#4684)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

823172_1