UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| 2ENTWINE, LLC<br><br>Plaintiff,<br><br>v.<br><br>JABBER, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-422-ML |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), (2) and (3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1406(a)**

Defendant Jabber, Inc. ("Defendant") hereby moves this Court for an Order dismissing Plaintiff 2Entwine, LLC's First Amended Complaint pursuant to Rule 12(b)(1), (2) and (3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue pursuant to 28 U.S.C. §1406(a). In support of its motion, Defendant relies upon the accompanying memorandum of law and Exhibits attached thereto.

JABBER, INC.

By its Attorneys,

Stephen M. Prignano (#3649)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November 2005, I caused a copy of the foregoing Motion to Dismiss to be mailed by first-class mail, postage prepaid to the following counsel of record:

Michael A. Gamboli, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| 2ENTWINE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-422-ML |
| | ) | |
| JABBER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), (2) and (3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1406(a)**

Plaintiff 2Entwine, LLC ("Plaintiff" or "2Entwine") commenced this action on October 7, 2005, predicated on diversity of citizenship jurisdiction. (First Am. Compl., ¶ 3). Plaintiff seeks to recover approximately $150,000 from Defendant Jabber, Inc. ("Defendant" or "Jabber"), which it claims is due under a Software License Agreement and Professional Services Agreement between the parties. (Id., ¶ 4). In addition to its principal claim alleging breach of contract, Plaintiff asserts three alternative theories of recovery: quantum meruit, promissory estoppel, and unjust enrichment. Defendant now moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) based on a lack of subject matter jurisdiction (no diversity of citizenship), pursuant to Fed. R. Civ. P. 12(b)(2) based on a lack of personal jurisdiction (insufficient minimum contacts with the forum state), and pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

## I. Standard of Review

In ruling on a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a Court should grant the motion if it appears that the plaintiff can prove no set of facts

in support of his claim that the Court possesses subject matter jurisdiction. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss under Rule 12(b)(1), a Court accepts as true the factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. See generally, Hart v. Mazur, 903 F.Supp. 277, 279 (D.R.I. 1995). However, when it appears that the plaintiff would be unable to establish jurisdiction under any set of facts, the Court should grant a defendant's motion to dismiss pursuant to Rule 12(b)(1). Greene v. Rhode Island, 289 F. Supp. 2d 5, 8 (D.R.I. 2003) (citing Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996)). Moreover, with respect to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the Court considers whether the plaintiff has proffered evidence "that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Women & Infants Hosp. of Rhode Island v. Comty. Health Network of Connecticut, Inc., C.A. No. 04-535-ML, 2005 WL 1074376, *2 (D.R.I. Apr. 28, 2005). Absent such a showing, the Court should dismiss the Complaint.

## II. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint Because There Is No Diversity of Citizenship

2Entwine is a limited liability company organized under the laws of Delaware. (First Am. Compl., ¶ 1). Defendant is a Delaware corporation, with its principal place of business in Denver, Colorado. (First Am. Compl., ¶ 2). Plaintiff alleges that the court has subject matter jurisdiction over its claims on account of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. In order for the court to have jurisdiction based on diversity, the matter in controversy must exceed $75,000 and the plaintiff and defendant must be citizens of different states. See 28 U.S.C. § 1332(a)(1). For purposes of determining diversity jurisdiction, the court looks to the facts of citizenship as they existed on the date the lawsuit was commenced. See

Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 642 (1st Cir. 1995). Because this action was commenced on October 7, 2005, by the filing of the Complaint, there must have been diversity of citizenship between the parties as of that date in order for this Court to properly maintain subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Since Defendant is a corporation, its citizenship for diversity purposes is determined under 28 U.S.C. § 1332(c)(1), which provides that a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. Therefore, Jabber is deemed a citizen of both Delaware (its state of incorporation) and Colorado (its principal place of business). Because diversity of citizenship jurisdiction requires compete diversity – neither the plaintiff or defendant can be citizens of the same state – if 2Entwine was a citizen of either Delaware or Colorado on October 7, 2005, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

By its express terms, 28 U.S.C. § 1332(c) determines only the citizenship of corporations, and does not expressly apply to limited liability companies. At least one jurisdiction, however, has applied 28 U.S.C. § 1332(c) to limited liability companies, and determined that an LLC is a "citizen" of the state of its incorporation. See Shell Rocky Mountain Production LLC v. Ultra Resources, Inc., 415 F.3d 1158, 1162 (10th Cir. 2005) ("For purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business.' It is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas.") (internal citation omitted). If this Court were to adopt the same reasoning as the Tenth Circuit in Shell Rocky Mountain and apply 28 U.S.C. §

1332(c) to determine the citizenship of 2Entwine, then 2Entwine is a citizen of Delaware (the state under whose law the LLC was organized), and diversity of citizenship jurisdiction is not present. Without subject matter jurisdiction, the case must be dismissed.

Neither the First Circuit Court of Appeals nor this Court appear to have applied 28 U.S.C. § 1332(c)(1) to LLCs. However, at least one district court within the First Circuit has rejected the idea of finding an LLC to be a citizen of the state where it is organized, finding no justification for treating an LLC like a corporation. See JMTR Enterprises LLC v. Duchin, 42 F. Supp. 2d 87, 93 (D. Mass. 1999). In JMTR, the district court relied on the U.S. Supreme Court decision in Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990), which held that a limited partnership is a citizen of the states of which its partners are citizens, and ruled that an LLC is a citizen of the state or states of which its members are citizens. The JMTR Enterprises court specifically rejected both the state of organization and the principal place of business as bases for determining an LLC's citizenship.

However, even if this Court were to reject the holding in Shell Rocky Mountain for the analysis set forth in JMTR Enterprises, Plaintiff's Complaint would still fail to establish diversity of citizenship jurisdiction because at least two of the Plaintiff's members are citizens of Colorado. 2Entwine has at least two members: Dudley Carr and Wesley Carr. (See Aff. of Stuart Lucko, ¶¶ 3 and 4, attached hereto as Exhibit 1). Dudley Carr signed all documents on behalf of 2Entwine, LLC. (See Aff. of Stuart Lucko, ¶ 5). All dealings between Jabber and 2Entwine involved Dudley Carr. (See Aff. of Stuart Lucko, ¶ 5). Moreover, Dudley Carr and Wesley Carr are both citizens of Colorado. Their "citizenship" for diversity jurisdiction purposes is established by having their domicile in Colorado. Domicile requires two elements:

physical presence coupled with the intent to remain. See, e.g., Jones v. United States, 305 F. Supp. 2d 1200, 1208 (D. Kan. 2004). Their physical presence in Denver, Colorado is not in dispute. Moreover, they reside in the Premier Lofts at 2200 Market Street, Denver, Colorado 80205, and they resided in Denver, Colorado on October 7, 2005, the date this action was commenced. (See Aff. of Stuart Lucko, ¶ 5). Their intent to remain in Colorado is established by the following facts: Dudley Carr has indicated his intent to make Colorado his home, as evidenced by his surrendering his Rhode Island driver's license and obtaining a Colorado driver's license on July 27, 2005. (See Colorado Department of Motor Vehicle Driver License History for Dudley Carr attached as Exhibit 2). Additionally, Dudley Carr states on his website that "Wes and I have run away from Providence, RI to Denver, CO." http://iveseenbetter.com/about.html. (copy attached hereto as Exhibit 3). Accordingly, because Dudley Carr and Wesley Carr are members of 2Entwine and are citizens of Colorado, 2Entwine is a citizen of Colorado for diversity jurisdiction purposes. Since both the plaintiff and the defendant are citizens of Colorado, there is no diversity and the court lacks subject matter jurisdiction.

## III. Defendant Lacks Sufficient Minimum Contacts to Support an Assertion of Personal Jurisdiction.

Defendant also moves to dismiss the Complaint for lack of personal jurisdiction. See Fed. R. Civ. P 12(b)(2). In order for a court to obtain jurisdiction over a non-resident defendant in a diversity action, a plaintiff must establish that: 1) jurisdiction is proper under the laws of the forum state, and 2) the exercise of jurisdiction does not offend due process. See, e.g., Doering v Copper Mountain Inc., 259 F.3d 1202, 1209 (10th Cir. 2001).

Rhode Island's long-arm statute, R.I. Gen. Laws § 9-5-33, authorizes assertion of personal jurisdiction to the fullest extent permitted by the United States Constitution. See, e.g., Donatelli v. Nat'l Hockey League, 893 F.2d 459, 461 (1st Cir. 1990). Thus, the issue for this court is whether assertion of jurisdiction over Jabber complies with the strictures of due process. See Women & Infants Hosp. of Rhode Island v. Comty. Health Network of Connecticut, Inc., C.A. No. 04-535-ML, 2005 WL 1074376, *2 (D.R.I. Apr. 28, 2005).

This Court may exercise personal jurisdiction over Jabber consistent with due process if there are minimum contacts between the defendant and the forum state such that maintenance of the lawsuit would not offend traditional notions of fair play and substantial justice. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). The minimum contacts standard may be met in one of two ways: 1) general jurisdiction or 2) specific jurisdiction.

General jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the specific cause of action is not related to those contacts. See Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 416 (1984). Thus, with regard to general jurisdiction, if a defendant has continuous and systematic contacts with the forum state there need be no connection with regard to the particular cause of action in the lawsuit. In this case, Jabber does not have continuous and systematic contacts with Rhode Island. (See Aff. of Stuart Lucko, ¶ 6). Consequently, the jurisdictional analysis must proceed under the specific jurisdiction prong in order to determine whether the lawsuit can be maintained in Rhode Island consistent with notions of fair play and substantial justice.

Specific jurisdiction is predicated on a defendant's minimum contacts with the forum state which are specifically related to the cause of action pleaded in the complaint. The court

applies a three-prong test in conducting the minimum contacts analysis for determining whether specific jurisdiction exists. See Women & Infants Hosp., 2005 WL 1074376 at *3. First, the claim underlying the litigation must directly arise out of or relate to the defendant's forum state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws, making the defendant's involuntary presence in the state foreseeable. See id. Third, the exercise of jurisdiction must be reasonable. See id. The allegations of the First Amended Complaint, like those of the original Complaint, are devoid of any allegations related to Rhode Island except the allegations of the first paragraph which allege generally that 2Entwine has its principal place of business in Rhode Island.

As established by the affidavit of Stuart Lucko, however, all of the actions and events relating to the transactions upon which the Complaint is based occurred in Colorado. (See Affidavit of Stuart Lucko, ¶¶ 5, 6 and 7). The Agreement between the parties (referred to in paragraphs 4, 5, 6, 14, 15 and 16 of the First Amended Complaint) contains a provision that required Jabber to provide 2Entwine with "working space and office services," which Jabber provided to 2Entwine in Colorado, not in Rhode Island. Moreover, Jabber did not engage in any activities related to this litigation in Rhode Island. Jabber did not purposefully avail itself of the privilege of conducting business in Rhode Island and did not seek the benefits and protections of Rhode Island's legal system. Jabber does not have sufficient minimum contacts with the forum state to satisfy the due process requirement in order to allow the court to maintain an action against it in Rhode Island. Accordingly, exercise of jurisdiction over Jabber in these circumstances would be unreasonable.

Once the jurisdictional allegations have been attacked, plaintiff has the burden to support its jurisdictional allegations. E.g., Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). Because the transaction sued upon is a contract that was entered into in Colorado, because the contract was performed in Colorado, and since Jabber has no contacts with Rhode Island, this Court lacks personal jurisdictional over Jabber. Plaintiff has not presented jurisdictional facts to support the assertion of personal jurisdiction over Jabber in Rhode Island, and the case should be dismissed for lack of personal jurisdiction.

## IV. The case should be dismissed or, in the alternative, transferred to the District of Colorado because venue is improper in Rhode Island.

Defendant also moves pursuant to Fed. R. Civ. P. 12 (b)(3) and 28 U.S.C. § 1406(a) to dismiss for improper venue.

The procedural analysis for this Rule 12(b)(3) motion is the same as for a Rule 12(b)(2) challenge for personal jurisdiction. Salisbury Cove Assoc., Inc. v. Indcon Design (1995), Ltd., 211 F.Supp.2d 184, 187-88 (D. Me. 2002). The plaintiff must make a *prima facie* demonstration, employing affirmative proof beyond the pleadings, of every fact necessary to establish proper venue. See Boit v. Gar-Tec Products, Inc. 967 F.2d 671, 675 (1st Cir. 1992).

Venue in diversity cases is controlled by 28 U.S.C. §1391(a), which provides two possibilities for venue: (1) the judicial district where defendant resides, or (2) the district in which a substantial part of the event or omissions giving rise to the claim occurred.

Under the first option, a corporation is deemed to "reside" in any district where it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c). As explained in Section III, above, Jabber is not subject to personal jurisdiction in the District of

Rhode Island because it lacks sufficient minimum contacts to support the assertion of personal jurisdiction consistent with due process.

Under the second option, venue is proper in the district where a substantial part of the events giving rise to the claim occurred. As established by the Affidavit of Stuart Lucko, virtually all of the substantial events giving rise to the cause of action occurred in Colorado, not Rhode Island. Plaintiff's members (Dudley and Wesley Carr) are citizens of Colorado and reside in Denver. The contract was signed in Colorado. 2Entwine's agents and employees allegedly performed their work on the contract in Colorado. All of Jabber's employees who interacted with plaintiff's agents are in Colorado, as are all documents relating to the cause of action.

Therefore plaintiff's choice of venue in the District of Rhode Island is improper under 28 U.S.C. 1391(a) and the case should accordingly be dismissed under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). As an alternative to outright dismissal, the court may transfer the case to the District of Colorado under 28 U.S.C. § 1406(a).

## V. **Conclusion**

For the foregoing reasons, Defendant Jabber, Inc. hereby submits that Plaintiff 2Entwine, LLC's First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or alternatively, pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this Court lacks personal jurisdiction over the Defendant, or alternatively pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

JABBER, INC.
By its Attorneys,

Stephen M. Prignano (#3649)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November 2005, I caused a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss to be mailed by first-class mail, postage prepaid to the following counsel of record:

Michael A. Gamboli, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903